## DUNGAN v. STATE.

No. A-11066. March 1, 1950.

(215 P 2d 581.)

John F. Thomas and Arthur L. Cavanagh, Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Robert J. Dungan, was charged by an informaton filed in the district court of Comanche county, with the crime of assault with intent to kill, was tried, convicted, and sentenced to serve one year in the State Penitentiary, and has appealed.

No brief has been filed on behalf of the defendant, and no appearance was made on his behalf at the time the case was assigned for oral argument.

Rule Nine of the Criminal Court of Appeals provides:

"When no counsel appears, and no briefs are filed, the court will examine the pleadings, the instructions of the court, and the exceptions taken thereto, and the judgment and sentence and if no prejudicial error appears will affirm the judgment."

We have examined the record. The evidence showed that the defendant, who was a Sergeant in the Army, while in an intoxicated condition, made an unprovoked attack upon one Fred Butts, a 67 year old man, by striking him with his fist, knocking him down, and then kicking him several times. Mr. Butts was taken to the hospital where X-rays disclosed that his right arm was broken in two places. The Doctor testified that his face and head, arm, chest, and both legs were swollen and bruised.

The assault occurred on June 11, 1947, and at the time of the trial in November, 1947, Mr. Butts was still unable to raise his right arm over his head.

The defendant testified in his own behalf that he was attending the radio school at Fort Sill; that he had graduated with his class on June 11, and came into town with a group of his comrades to celebrate; that they drank quite a lot of intoxicating liquor; that he passed out sometime during the night, and he awakened the next morning in jail. He related that he did not remember striking or abusing the prosecuting witness in any manner, and knew nothing at all of the charges filed against him until he was informed the next morning by the M. P. Sergeant the nature of the charges against him.

We have carefully examine the record and have found no fundamental error which requires a reversal of the judgment of conviction. The verdict of the jury did not find the defendant guilty of the crime of assault with in-

tent to kill, but of the included offense of assault with a dangerous weapon.

Our attention not having been called to any specific error in the record, and having found no fundamental error, under the rules of the court it becomes our mandatory duty to affirm the judgment of conviction.

The judgment and sentence of the district court of Comanche county is accordingly affirmed.

BRETT and POWELL, JJ., concur.